IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cinseree Johnson,

    Plaintiff,

  v.                              Case No. 2:06-cv-614

Moran Technology Consulting,

    Defendant.

OPINION AND ORDER

    This is a pro se action filed by plaintiff Cinseree Johnson, an Ohio resident, against defendant Moran Technology Consulting, a business located in Illinois. In her complaint, plaintiff alleges that defendant destroyed documents pertaining to an audit performed for Ohio University, thereby destroying documentary evidence and obstructing a pending proceeding. Plaintiff seeks $1,500,000 in damages.

    This matter is before the court on the defendant's motion for summary judgment. The procedure for granting summary judgment is found in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, summary

judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

While a court must construe a pro se plaintiff's pleadings more liberally than pleadings prepared by an attorney, pro se litigants "are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." Moore v. Holbrook, 2 F.3d 697, 705 (6th Cir. 1993). See also McKinnie v. Roadway Express, Inc., 341 F.3d 554, 558 (6th Cir. 2003)("Ordinary civil litigants proceeding pro se, however, are not entitled to special treatment, including assistance in regards to responding to [dispositive] motions.").

Plaintiff's claim is one of spoliation of evidence under Ohio law. The elements or a claim for interference with or destruction of evidence are: (1) pending or probable litigation involving the plaintiff; (2) knowledge on the part of defendant that litigation exists or is probable; (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's acts. Smith v. Howard Johnson Co., Inc., 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993).

To establish a spoliation claim, plaintiff must show that defendant willfully destroyed, altered, or concealed evidence. Drawl v. Cornicelli, 124 Ohio App.3d 562, 567, 706 N.E.2d 849 (1997). "The concept of 'willfulness' contemplates not only an

2

intentional commission of the act, but also a <u>wrongful</u> commission of the act." <u>Id</u>. The "willfulness" standard thus requires more than mere negligence or failure to conform to standards of practice. <u>Id</u>.; <u>McLeod v. Mt. Sinai Medical Center</u>, 166 Ohio App.3d 647, 660-61, 852 N.E.2d 1235 (2006)(directed verdict for defendant upheld where plaintiff presented no evidence that records were missing because of willful destruction designed to disrupt plaintiff's case); <u>Tate v. Adena Regional Medical Center</u>, 155 Ohio App.3d 524, 533, 801 N.E.2d 930 (2003)(summary judgment properly granted where defendant showed that reports were not destroyed, and plaintiff failed to produce evidentiary materials to show that reports were willfully destroyed so as to disrupt her case); <u>White v. Ford Motor Co.</u>, 142 Ohio App.3d 384, 387-88, 755 N.E.2d 954 (2001)(there is no cause of action for negligent spoliation).

In support of the motion for summary judgment, defendant has presented the affidavit of Charlie Moran, a senior partner of the defendant company. According to Mr. Moran, the defendant was engaged by the Ohio University on May 23, 2006, to assist the university in determining how a security breach of the university's computer servers occurred and to issue recommendations to the university to avoid a similar occurrence in the future. Moran Aff., ¶ 3. In completing this audit for the university, defendant's investigators conducted live interviews with university employees, and took notes for their own personal convenience. Moran Aff., ¶¶ 4, 5. These notes were kept and stored in a private manner on the investigators' assigned laptops, and were not circulated or shared with university employees or officials during the audit. Moran Aff., ¶ 5. The terms of defendant's agreement

with the university did not require the investigators to take or keep interview notes. Moran Aff., ¶ 5. Defendant issued a report concerning its investigations on June 3, 2006, and, according to defendant's usual business practices, the investigators' notes were deleted from the laptops. Moran Aff., ¶6. Officials from Ohio University later requested the notes from defendant, and defendant then recovered all previously deleted notes and provided the notes, along with all other documentation relating to the audit, to legal counsel for the university. Moran Aff., ¶ 7. All materials relating to the Ohio University audit are intact and in the possession of Ohio University officials. Moran Aff., ¶ 8.

Plaintiff has presented no evidence in response to this affidavit. Plaintiff argues that "Moran Technology officials had a responsibility to preserve evidence for adequate inspection for future litigation" and that their failure to do so "supports a negligence action on the grounds of spoilation." Plaintiff's Objection to Defendant's Motion for Summary Judgment. Plaintiff further contends that defendant "reasonably should have known that the records in question would be evidence material for future litigation such as the now pending Johnson v. Ohio University." Id. Plaintiff argues that the maintenance of the records by Ohio University does not constitute proper preservation of the records, and that the records "are not obtainable without a confidentiality agreement and are censored." Id. Plaintiff contends that evidence in support of her complaint will be presented during the course of this litigation. Id.

As to plaintiff's first argument, the court notes that Ohio courts have not recognized a cause of action for negligent

spoliation. White, 142 Ohio App.3d at 387-88. Rather, the plaintiff must prove the elements of a claim for willful spoliation of evidence.

In regard to the first element of a spoliation claim, although plaintiff refers to a case styled as Johnson v. Ohio University in her response to defendant's motion for summary judgment, plaintiff has produced no evidence that she is involved in this or any other pending litigation, so as to satisfy the first element of her claim.

In regard to the second element of a spoliation claim, plaintiff has produced no evidence that defendant had any knowledge of litigation involving plaintiff which was pending or probable at the time the files were deleted from the investigators' laptops. She argues that defendant should have known that the records would be material in pending litigation such as the case of Johnson v. Ohio University. However, even assuming that this is a pending case in which plaintiff is involved, there is no information in the record as to the nature of the plaintiff's claims against the Ohio University in that case. Thus, there is no evidence whatsoever to demonstrate why defendant should have anticipated this litigation of unknown nature.

As to the third element, plaintiff has failed to show a willful destruction of evidence by defendant designed to disrupt plaintiff's case. Although the information on the investigators' laptops was initially deleted, defendant has produced evidence that this was done according to defendant's standard practice. There is no evidence that the destruction was done with the intention of wrongfully disrupting litigation in which plaintiff is involved.

5

Further, defendant has produced evidence that the deleted information was retrieved at the request of the Ohio University, and was given to counsel for the university. Thus, ultimately, there was no destruction of evidence, and the records in question still exist. There is no evidence that defendant was aware of any pending or probable litigation involving plaintiff at the time it provided the notes and records to the university.

As to the fourth element, there is no evidence that plaintiff's case has been disrupted. Plaintiff argues that defendant should not have turned the audit records over to the university. However, it was the university which entered into a contractual relationship with defendant to perform the audit. The mere fact that defendant provided the notes and other records of the audit to the university does not constitute the interference with or destruction of evidence. Plaintiff has produced no evidence that these records cannot be obtained from the university pursuant to discovery procedures in her alleged civil action against the university. Plaintiff's contention in her memorandum contra that the university is insisting on the execution of a confidentiality agreement before it will disclose these records is a matter to be taken up with the court presiding over her alleged civil action. Finally, plaintiff has produced no evidence that she has been damaged by the defendant's handling of the interview notes.

Plaintiff's contention that she intends to present evidence to support her claim during the course of the litigation is insufficient to avoid summary judgment. See Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 39 (1st Cir. 1993)(mere promise to

6

produce admissible evidence at trial does not suffice to thwart summary judgment); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989)(nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'")(quoting Liberty Lobby, 477 U.S. at 257); Parker v. Federal Nat'l Mortgage Ass'n, 741 F.2d 975, 980 (7th Cir. 1984)(in summary judgment proceeding, court has responsibility to assess evidence in advance of trial rather than letting every case proceed to trial on the mere hope that trial would produce other evidence); Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341 (9th Cir. 1978)(denial of summary judgment not warranted based on hope of party opposing motion that he can produce evidence at trial).

 Plaintiff has failed to sustain her burden of producing evidence in response to defendant's motion for summary judgment sufficient to raise a genuine issue of material fact in regard to the elements of her spoliation claim.  Defendant is entitled to summary judgment on that claim.  The defendant's motion for summary judgment is granted, and the clerk shall enter judgment in favor of defendant on plaintiff's claim.  Plaintiff shall pay costs.

Date: December 20, 2007     s\James L. Graham
               James L. Graham
               United States District Judge